UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WILLIAM YOUNG**, | CIVIL ACTION |
| Plaintiff, | No. 05-4498 |
| v. | |
| **DOMESTIC RELATIONS DIVISION ENFORCEMENT UNIT**, | |
| Defendant. | |

MEMORANDUM

August 10, 2007

    Plaintiff William Young brought this pro se complaint under 42 U.S.C. § 1983, naming as defendant the "Domestic Relation Division Enforcement Unit, 34 South 11th St. Phila. PA 19107."[1]  Young states the basis for his claim as follows:

    In 1989 there was a order against me to pay child support, in 1980 I

---

[1] This court takes judicial notice of the fact that this address is the location of the Domestic Relations Branch of the Family Division of the Court of Common Pleas of Philadelphia County, which is part of the First Judicial District of Pennsylvania. *See generally* First Judicial District of Pennsylvania, 2005 Annual Report 5 (2005) (chart, "First Judicial District Organization"), *available at* http://fjd.phila.gov/pdf/report/2005-First-Judicial-District-Annual-Report.pdf.
    To the extent that such judicial notice constitutes consideration of "matters outside the pleading" under Federal Rule of Civil Procedure 12(b), the court will treat defendant's motion to dismiss under Rule 12(b), discussed *infra*, as a motion for summary judgment under Rule 56.

> was sentenced to a term of 10 to 20 years.  I wasn't paroled until 1990.
> I believe this order violate my constitutional rights.  Since I wasn't afford a hearing regarding this order.  It's clear that no state can take one's property without due process of law, this is what is being done to me.

Compl. ¶ V (Docket No. 6).  Young seeks the following relief: "I want this court to enter a judgement if my constitutional rights have been violated, also I want all the money which was tooken from me returned."  Compl. ¶ VI.

Defendant, the Domestic Relations Division Enforcement Unit of the Court of Common Pleas of Philadelphia, moves to dismiss Young's complaint.[2]  *See* Mot. of Judicial Def. to Dismiss Pl.'s Compl. (Docket No. 10).  The defendant contends that the complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  Specifically, the defendant argues that (a) this court lacks jurisdiction over Young's suit under the *Rooker-Feldman* doctrine, because the suit seeks to challenge the actions, rulings and adjudications of a state court; (b) the defendant is immune from suit for damages under the Eleventh Amendment of the United States Constitution; and (c) the defendant is not a "person" that can be sued under 42 U.S.C. § 1983.  In addition, the defendant contends that Young cannot save his complaint by amending it to add judicial officers as defendants, because such officers are entitled to absolute immunity for actions taken pursuant to their judicial duties.

---

[2] The defendant is represented by counsel for the Administrative Office of the Pennsylvania Courts.  It should also be noted that, despite receiving notice of the instant motion, the plaintiff has filed no response.

This court is required to address the question of jurisdiction first. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

**JURISDICTION**

The defendant argues that this court lacks subject matter jurisdiction because adjudicating Young's claim would require this court to review the decision of a state court, in violation of the *Rooker-Feldman* doctrine. This doctrine has been explained by the Third Circuit as follows:

> Section 1257 of Title 28 of the United States Code bestows upon the Supreme Court of the United States appellate jurisdiction to review final judgments of the highest courts of the respective states. The so-called *Rooker-Feldman* doctrine teaches that, by negative implication, the inferior federal courts lack subject matter jurisdiction to review judgments of those courts. We have interpreted the doctrine to encompass final decisions of lower state courts as well. . . .
>     . . .
>    *Rooker-Feldman* abstention is necessary to preserve the United States Supreme Court's appellate jurisdiction—as well as to limit federal court review of state court decisions to the avenue provided for such by Congress.

*E.B. v. Verniero*, 119 F.3d 1077, 1090 (3d Cir. 1997) (citing *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923) and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983)); *see also Port Auth. Police Benev. Ass'n, Inc. v. Port Auth. of N.Y. & N.J. Police Dep't* 973 F.2d 169, 175 & n.3 (3d Cir. 1992).

"The *Rooker-Feldman* doctrine provides that federal district courts lack subject matter jurisdiction to review final adjudications of . . . [state courts] or to evaluate constitutional claims that are inextricably intertwined with the state court's [decision] in a

-3-

judicial proceeding." *FOCUS v. Allegheny County Court of Common Pleas*, 75 F.3d 834, 840 (3d Cir. 1996) (internal quotation marks omitted) (second alteration in original). However, "*Rooker-Feldman* applies only when in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render that judgment ineffectual." *Id.* (citing *Marks v. Stinson*, 19 F.3d 873, 886 n. 11 (3d Cir. 1994)); *accord Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding that "[t]he *Rooker-Feldman* doctrine . . . is confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"). The Supreme Court has recently emphasized "the narrowness of the *Rooker-Feldman* rule." *Lance v. Dennis*, 546 U.S. 459, 464 (2006) (per curiam);[3] *see also Exxon Mobil*, 544 U.S. at 287–88 & nn.2–3 (2005).

Here, plaintiff Young asks the court (1) to enter a declaratory judgment establishing that his constitutional right to due process was violated when the state court, in 1989, entered an "order against [him] to pay child support" without affording him a hearing; and (2) to return "all the money which was t[a]ken from [him]." Compl. ¶¶ V–VI. Under *Rooker-Feldman*, this court lacks jurisdiction if, in order to grant the above

---

[3] In *Lance*, the Court observed that *Rooker* and *Feldman* are "the only two cases in which we have applied this rule to find that a federal district court lacked jurisdiction," and that "[n]either [case] elaborated a rationale for a wide-reaching bar on the jurisdiction of lower federal courts." *Lance*, 546 U.S. at 463–64.

relief, the court would have to determine that the Pennsylvania court's 1989 order was erroneous (i.e., that Young was not obligated to pay child support), or if relief from this court would render the 1989 order "ineffectual." *See FOCUS*, 75 F.3d at 840. To the extent that Young asks for the *return* of money collected from him pursuant to the 1989 order, this would seem to require the court to vacate the 1989 order, and, to that extent, this court lacks jurisdiction. *See Feldman*, 460 U.S. at 482 & n.16. On the other hand, to the extent that the factual predicate of Young's complaint is not the 1989 order itself, but an alleged denial of his constitutional rights during the proceedings prior to entry of that order, it would appear that *Rooker-Feldman* does not foreclose jurisdiction. *Cf. Ernst v. Child & Youth Servs. of Chester County*, 108 F.3d 486, 491–92 (3d Cir. 1997).[4] This court must construe pro se filings liberally[5] and will therefore consider Young's claim in

---

[4] In *Ernst*, the plaintiff alleged that caseworkers employed by Chester County Children & Youth Services to "prosecute dependency proceedings on behalf of the state" violated her substantive due process rights through their conduct in the course of state-court proceedings to adjudicate custody of the plaintiff's granddaughter. *See Ernst*, 108 F.3d at 488–91. The Third Circuit held that:
> The *Rooker-Feldman* doctrine did not preclude the [federal] district court from deciding [Ernst's] claims [against the defendant caseworkers] because a ruling that the defendants violated Ernst's right to substantive due process by making recommendations to the state court out of malice or personal bias would not have required the court to find that the state court judgments made on the basis of those recommendations were erroneous.

*Id.* at 491–92. Similarly, a ruling in the case at bar that the state court system violated Young's procedural due process rights by denying him a hearing before entering the 1989 child support order would not necessarily require a ruling that the judgment reflected in the 1989 order was itself in error.

[5] *See, e.g., Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (per curiam).

the light just discussed—that is, as (a) a request for a declaration that the state court violated his constitutional rights when it denied him a hearing in the course of processing his case and/or (b) a request for money as damages for that violation of his rights.[6]

It is true that, in light of Young's allegation that the 1989 "*order* violate[d] my constitutional rights," Compl. ¶ V (emphasis added), his federal claim might nevertheless seem to be "inextricably intertwined" with the prior state court adjudication. *See FOCUS*, 75 F.3d at 841 & n.4. But the Third Circuit has explained that a federal "claim is inextricably intertwined if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Id.* at 840 (internal quotation marks omitted). Here, relief could be granted on Young's claim, as construed above, without determining "that the state court wrongly decided the issues before it." *FOCUS*, 75 F.3d at 840. Therefore, Young's claim, so construed, is not barred by the *Rooker-Feldman* doctrine. *See id.*; *cf. Ernst*, 108 F.3d at 491–92; *Exxon Mobil*, 544 U.S. at 284.

**FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED**

The defendant argues that Young's section 1983 claim is defective as a matter of law both because the defendant is not a "person" who can be sued under section 1983,

---

[6] While such a liberal construal may save Young's complaint from dismissal under *Rooker-Feldman*, other legal doctrines—in particular, Eleventh Amendment immunity—ultimately prevent Young from sustaining his suit against a unit of the Pennsylvania state court system. *See* text *infra*. Again, in this respect, the case at bar is comparable to *Ernst*, discussed *supra* note 4. *See Ernst*, 108 F.3d at 491, 493–94 (holding that suit against Child & Family Services caseworkers was not barred by *Rooker-Feldman*, but that suit nevertheless was barred because caseworkers enjoyed absolute immunity from suit on other grounds).

and because the defendant is immune from suit under the Eleventh Amendment. These claims are closely related. *See Callahan v. City of Phila.*, 207 F.3d 668, 673 (3d Cir. 2000) (noting close relation of doctrines and holding that units of the Pennsylvania judicial system are not "persons" under section 1983); *see also Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 239, 241 (3d Cir. 2005) (citing *Callahan* and holding that units of the Pennsylvania judicial system are immune from suit under Eleventh Amendment).

"[F]or over a century . . ., [the Supreme Court] ha[s] made clear that the Constitution does not provide for federal jurisdiction over suits against nonconsenting States." *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000). A state's Eleventh Amendment immunity applies equally to claims for damages and to claims for equitable relief (such as requests for declaratory judgments). *See Cory v. White*, 457 U.S. 85, 90–91 (1982). Furthermore, the defendant correctly points out that a unit of the Pennsylvania court system—including a municipal court or a court of common pleas—is considered an "alter ego" of the state of Pennsylvania for Eleventh Amendment purposes. *Robinson v. Court of Common Pleas of Phila. County*, 827 F. Supp. 1210, 1211, 1215 (E.D. Pa. 1993); *accord Benn*, 426 F.3d at 235, 241 (holding that the First Judicial District of Pennsylvania and other units of Pennsylvania's "unified judicial system" are "state entities" for purposes of Eleventh Amendment immunity) (citing *Callahan*, 207 F.3d at 670–73); *cf. Callahan*, 207 F.3d at 668 (finding "Warrant Division of the First Judicial District" and "Municipal Court Eviction Unit" to be state entities for purposes of section 1983).

"Eleventh Amendment immunity is subject to three exceptions: 1) congressional abrogation, 2) state waiver, and 3) suits against individual state officers for prospective relief to end an ongoing violation of federal law." *MCI Telecomm. Corp. v. Bell Atl. Pa.*, 271 F.3d 491, 503 (3d Cir. 2001). However, none of the exceptions applies here. Congress did not abrogate immunity when enacting section 1983. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979). There has been no waiver of immunity by the state of Pennsylvania. *See* 42 Pa. Cons. Stat. Ann. §§ 8521–22. And, finally, no individual state officers are named by Young as defendants.[7] Accordingly, the court agrees with the defendant's contention that it has Eleventh Amendment immunity which functions as an absolute bar to Young's claim.[8] Therefore, dismissal of the complaint under Federal Rule of Civil Procedure 12(b)(6)—or, in the alternative, granting of summary judgment in favor of the defendant under Rule 56(b)—is required.

Dismissal of a pro se complaint in a civil rights case is ordinarily not appropriate without first providing the plaintiff with an opportunity to amend the complaint to cure any defects (even where the plaintiff has not requested leave to amend). *See Alston v.*

---

[7] As the defendant notes, even if Young were to amend his complaint to name individual officers, any judicial officers would be entitled to absolute immunity for all actions "taken in the[ir] judicial capacity." *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

[8] Even if the Eleventh Amendment were not applicable, the same result would be required pursuant to defendant's alternate theory that it is not a "person" under section 1983. *See Callahan*, 207 F.3d at 673; *cf. In re Hechinger Inv. Co. of Del., Inc.* 335 F.3d 243, 251 (3d Cir. 2003) (holding that consideration of merits claim prior to, or simultaneously with, consideration of a claim of Eleventh Amendment immunity does not contravene the Supreme Court's interdiction against exercise of "hypothetical jurisdiction," in *Steel Co.*, 523 U.S. 83).

*Parker*, 363 F.3d 229, 235–36 (3d Cir. 2004); *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251–52 (3d Cir. 2007).  However, the court need not provide such an opportunity where "a curative amendment would be inequitable, futile, or untimely."  *Alston*, 363 F.3d at 236.  In this case, Young has not merely failed to allege sufficient facts to support his claim; rather, he has sued a party which cannot be sued, whatever the factual predicate may be.  Under these circumstances, the court finds that any amendment of Young's complaint would be futile, and the complaint will therefore be dismissed.

## ORDER

 **AND NOW**, this 10th day of August, 2007, upon consideration of plaintiff William Young's Complaint and the motion to dismiss filed by defendant, the Domestic Relations Division Enforcement Unit of the Court of Common Pleas of Philadelphia County, First Judicial District of Pennsylvania, and for the reasons stated in the accompanying memorandum, it is hereby **ORDERED** that the defendant's motion is **GRANTED** and the plaintiff's complaint is **DISMISSED**.

BY THE COURT:

/s/ Louis H. Pollak

_____

Pollak, J.
